# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2022-0531, <u>In re Estate of Natalia Brodeur</u>, the court on April 21, 2023, issued the following order:**

The motion filed by Larry Brodeur, the executor of the Estate of Natalia Brodeur, to amend his previously-filed brief is granted. For ease of reference, we refer to Mr. Brodeur in this order as "the executor." The executor's motion for reconsideration of the court's order of March 29, 2023, is denied. The executor shall immediately pay the sum of $200,000.00 into the escrow account specified by the court's order of March 29, 2023. The escrow funds shall be disbursed in accordance with the final decision in this case upon the issuance of the mandate.

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The executor appeals an order of the Circuit Court (<u>Yazinski</u>, J.) enforcing a contingency fee agreement he entered into with Schuster, Buttrey & Wing, P.A. (law firm). We affirm.

"Although contracts for attorneys' services generally stand on the same ground and are governed by the same rules as other similar contracts for services, fee contracts between attorney and client are a subject of special interest and concern to the courts." <u>McCabe v. Arcidy</u>, 138 N.H. 20, 28-29 (quotations, citation, and brackets omitted). "Accordingly, an attorney may not charge a fee that is unreasonable." <u>Id</u>. at 29. The reasonableness of a fee is determined based upon the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
>
> (3) the fee customarily charged in the locality for similar legal services.
>
> (4) the amount involved and the results obtained.

(5) the time limitations imposed by the client or by the circumstances.

(6) the nature and length of the professional relationship with the client.

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

Id. (quotation omitted); N.H. R. Prof. Conduct 1.5(a). "The fairness of the fee agreement should be determined with reference to the time when the agreement was made." McCabe, 138 N.H. at 29. "There can be no rigid, precise measure of reasonableness, however, because the weight accorded each factor depends on the circumstances of each particular case." Id.

We review the trial court's decision under our unsustainable exercise of discretion standard. Shelton v. Tamposi, 164 N.H. 490, 501 (2013). To be reversible on appeal, the discretion must have been exercised for reasons clearly untenable or to an extent clearly unreasonable to the prejudice of the objecting party. Id. Under this standard of review, our task on appeal is not to determine whether we would have found differently; rather, we determine whether a reasonable person could have found as the trial judge did. In re Adam M., 148 N.H. 83, 84 (2002). The factual findings of the circuit court probate division "are final unless they are so plainly erroneous that such findings could not be reasonably made." RSA 564-A:4 (2019).

Here, the trial court found "nothing unreasonable" about the 20% contingency fee to which the parties agreed, noting evidence that such a fee is "exceptionally low for a wrongful death suit" and that "[m]ost firms are charging a third of any settlement in these types of cases." Although the evidence before the trial court was conflicting, we defer to its judgment to resolve "conflicts in testimony, measure the credibility of witnesses, and determine the weight to be given to testimony, recognizing that as the trier of fact, it is in the best position to measure the persuasiveness and credibility of evidence." In re Guardianship of E.L., 154 N.H. 292, 296 (2006) (quotations, brackets, and citation omitted). Based upon our review of the trial court's narrative order, the executor's challenges to it, the relevant law, and the record

submitted on appeal, we conclude that the executor has failed to demonstrate reversible error.  See Gallo v. Traina, 166 N.H. 737, 740 (2014).

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**